**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| **David Estling,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **Complaint** |
| ) | |
| **GIDB Tiki, LLC d/b/a "Tiki Hut",** ) | |
| ) | |
| Defendant. ) | |

Plaintiff, through his attorney, would respectfully show unto this Court as follows:

1. Plaintiff was employed by Defendant as a manager.

2. GIDB Tiki, LLC is a South Carolina limited liability companies, whose two principals are residents of South Carolina.

3. GIDB Tiki operates the "Tiki Hut" on Lake Keowee in Seneca, SC (Oconee County).

4. This Court has jurisdiction to address Plaintiff's claims, which arise under federal law, 28 U.S.C. § 1331; 29 U.S. Code § 216(b). Venue is appropriate because Plaintiff was employed within the Anderson Division of this District.

5. In July, Plaintiff was required to quarantine or isolate and needed leave to do so because he was in proximity to a person experiencing COVID symptoms for whom he was helping to care, because he was experiencing COVID related symptoms, because he tested positive for COVID, and because he was advised to be in quarantine.

6. Defendants did not provide Plaintiff with paid leave for the time.

## Count I
## For a First Cause of Action
## FFCRA/EPSLA – Failure to Provide Pay Leave

1. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

2. The Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127 (March 18, 2020) ("FFCRA") became effective April 1, 2020.

3. Sections 5101-11 of the FFCRA consist of the EPSLA.

4. The EPSLA requires "paid sick time" of eighty hours for certain pandemic related reasons, including:

> (1) is subject to a Federal, State, or local quarantine or isolation order related to COVID-19.
>
> (2) The employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19.
>
> (3) The employee is experiencing symptoms of COVID-19 and seeking a medical diagnosis.
>
> (4) The employee is caring for an individual who is subject to an order described in paragraph (1) or has been advised as described in paragraph (2)

PL 116-127 § 5102(a)(1)-(4).

5. Plaintiff's need for leave qualifies under the EPSLA.

6. Defendant failed to provide 80 hours of paid sick time as required under EPSLA.

7. Defendant never provided Plaintiff any proper notice of his rights under the EPSLA.

8. Plaintiff has specifically requested benefits due under EPSLA, but Defendant steadfastly refused to provide them.

9. Defendant's refusal to provide paid leave constitutes a willful violation of Section 6 of the Fair Labor Standards Act ("FLSA") subject to the penalties in Sections 216 and 217 of the FLSA.   P.L. 166-127 § 5105(a)(1)-(2).

WHEREFORE, Plaintiff requests all relief available at law and equity, including payments for leave, lost benefits, liquidated damages, attorney fees, costs, and interest and any other relief identified in 29 U.S.C. § 216(b) and injunctive relief pursuant to *id.* § 217.

Respectfully submitted this 8th day of September 2020.

s/ Brian P. Murphy
_____
Brian P. Murphy, Fed. I.D. No. 6405
Attorney for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400
Fax:   (864) 240-9292